**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ALBERTA ROSE JOSEPHINE JONES,      )
                                             )
                   Plaintiff,             )
                                               )
v.                                      )      Case No. CIV-19-979-J
                                             )
SHANDA L. ADAMS and            )
RICK DANE MOORE,               )
                                           )
                   Defendants.       )

## OPINION AND ORDER

Before the Court is Plaintiff's pro se Complaint alleging that Defendants Shanda L. Adams and Rick Dane Moore "began posting online that they were 'selling' cybercurrency." Compl. [Doc. No. 1] at 4. Plaintiff alleges that Defendants "are bullies and have threatened to harm [her]. They are 'cyber bullies.'" *Id.* Plaintiff seeks a protective order requiring Defendants "to have absolutely no contact with [her] whatsoever under any circumstances." *Id.* Plaintiff alleges federal question jurisdiction under the Securities and Exchange Commission (SEC) Whistleblower Protection Program and the False Claims Act (FCA). *Id.* at 3. The Court has reviewed Plaintiff's Complaint and finds that it should be dismissed upon filing as frivolous.

District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993)). This power includes the ability to "dismiss a frivolous or malicious action . . . even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (internal quotation marks omitted). In considering whether to dismiss a claim sua sponte for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences

in the plaintiff's favor. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a pro se complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but the complaint must be liberally construed. *See id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" (internal quotation marks omitted)).

## I.      SEC Whistleblower Protection Program

Here, Plaintiff seeks a protective order under the SEC Whistleblower Protection Program. Plaintiff does not specify federal statutes related to this program, but under federal law, whistleblowers who report violations of securities law are protected by the Sarbanes-Oxley Act of 2002, 116 Stat. 745 (Sarbanes-Oxley), and the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, 124 Stat. 1376 (Dodd-Frank). *See Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 772 (2018). Both Acts protect whistleblowers in specific circumstances; but none of those circumstances are indicated by Plaintiff's factual allegations.

Congress passed Sarbanes-Oxley to "'protect investors by improving the accuracy and reliability of corporate disclosures.'" *Genberg v. Porter*, 882 F.3d 1249, 1253-54 (10th Cir. 2018) (quoting 116 Stat. 745, 745). To further this goal, Sarbanes-Oxley protects employees of publicly traded companies who report violations of federal securities law. 18 U.S.C. § 1514A; *Genberg*, 882 F.3d at 1254. Sarbanes-Oxley protects such whistleblowers by allowing suit against the company or its officers for employment retaliation. 18 U.S.C. § 1514A; *Genberg*, 882 F.3d at 1254. Whistleblower protection under Sarbanes-Oxley requires, among other things, a showing that the employee engaged in protected activity and suffered an unfavorable employment action. *Genberg*, 882 F.3d at 1254; *Lockheed Martin Corp. v. Admin. Review Bd., U.S. Dep't of Labor*,

717 F.3d 1121, 1129 (10th Cir. 2013). The anti-retaliation procedures under Sarbanes-Oxley include an administrative-exhaustion requirement. *See* 18 U.S.C. § 1514A(b)(1)(A); *Digital Realty Tr., Inc.*, 138 S. Ct. at 774-75.

Congress passed Dodd-Frank in response to perceived shortcomings in financial regulation, including the SEC's need for additional means with which to regulate securities markets. *Digital Realty Tr., Inc.*, 138 S. Ct. at 773. Dodd-Frank established "'a new, robust whistleblower program designed to motivate people who know of securities law violations to tell the SEC.'" *Id.* (quoting S. Rep. No. 111-176, p. 38 (2010)). Dodd-Frank also protects whistleblowers from employment discrimination in retaliation for providing such information. 15 U.S.C. § 78u–6; *Digital Realty Tr., Inc.*, 138 S. Ct. at 773-74. Unlike the initial administrative process under Sarbanes-Oxley, the anti-retaliation procedures under Dodd-Frank permit a whistleblower to sue a current or former employer directly in federal district court. *See* 15 U.S.C. § 78u–6(h)(1)(B)(i); *Digital Realty Tr., Inc.*, 138 S. Ct. at 775.

Though Plaintiff cites the SEC Whistleblower Protection Program as the basis for seeking a protective order against Defendants, neither Sarbanes-Oxley nor Dodd-Frank provides for protective orders such as Plaintiff seeks. *See* 18 U.S.C. § 1514A(c); 15 U.S.C. § 78u-6(h). Moreover, though Plaintiff attached to the Complaint a letter indicating that she had submitted information to the SEC Whistleblower Program, *see* Compl., Exh. 1 [Doc. No. 1-1], Plaintiff's minimal statement of her claim does not allege that such information related to a securities law violation or that she suffered employment retaliation for providing such information. *See* Compl. at 4. Indeed, Plaintiff does not identify the Defendants as her employers, *see* Compl. at 3, and the Court takes judicial notice of prior filings by Plaintiff in which she identifies Defendants as attorneys adverse to her. *See, e.g., Jones v. Jones*, No. CIV-17-1287-HE (W.D. Okla. Nov. 30,

2017) (Complaint at 10); *Jones v. USAA Cas. Ins. Co., et al.*, No. CIV-17-1324-G (W.D. Okla. Aug. 8, 2018) (Motion to Disqualify).[1]  As such, Plaintiff has failed to allege facts upon which relief can be granted under either Sarbanes-Oxley or Dodd-Frank.  *See* Fed. R. Civ. P. 12(b)(6).

## II.    False Claims Act

Similarly, the FCA protects against whistleblowers in specific circumstances, though none of those circumstances is indicated by Plaintiff's factual allegations.  The FCA provides for civil actions by the federal government to recover damages for false or fraudulent claims for payment. 31 U.S.C. §§ 3729-3733; *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 735-36 (10th Cir. 2019).  The qui tam provisions of the FCA authorize a private person, known as a relator, to initiate FCA actions for the benefit of the federal government by alleging that a third party made fraudulent claims for payment to the government.  *See* 31 U.S.C. § 3730(b); *Reed*, 923 F.3d at 736.  Recognizing the risks relators face as prospective whistleblowers, the FCA prohibits employers from retaliating against employees who try to stop violations of the FCA.  31 U.S.C. § 3730(h); *Reed*, 923 F.3d at 736, 738.  To qualify for whistleblower protection, an employee must show that he or she engaged in specific types of activity that qualify as "protected activity" and faced employment discrimination as a result of the protected activity.  *Reed*, 923 F.3d at 738; *Potts v. Ctr. for Excellence in Higher Educ., Inc.*, 908 F.3d 610, 613-14 (10th Cir. 2018).

Though Plaintiff cites the FCA as the basis for seeking a protective order against Defendants, the FCA does not provide for protective orders such as Plaintiff seeks.  *See* 31 U.S.C. § 3730(h).  Moreover, Plaintiff has failed to plead any facts supporting an FCA claim.  At

---

[1] A court may "exercise [its] discretion to take judicial notice of publicly-filed records in [its] courts and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *Baca v. Colorado Dep't of State*, 935 F.3d 887, 903 n.2 (10th Cir. 2019) (internal quotation marks omitted).  Here, a review of the Court's records indicates that Defendants have represented Plaintiff's ex-husband in litigation against Plaintiff.

minimum, she has not alleged that Defendants made fraudulent claims for payment, as required for a qui tam action; nor that she has faced employment retaliation due to engaging in protected activity, as required for a retaliation claim. Additionally, Plaintiff filed her complaint pro se and courts that have examined the issue have concluded that a plaintiff proceeding pro se may not act as a relator. *See, e.g., Gunn v. Credit Suisse Group AG.*, 610 F. App'x 155, 157 (3d Cir. 2015); *Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802 (4th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004), *rev'd on other grounds*, 556 U.S. 928 (2009). As such, Plaintiff has failed to allege facts upon which relief can be granted under the FCA. *See* Fed. R. Civ. P. 12(b)(6).

## III.  Conclusion

Because Plaintiff's Complaint is devoid of a factual basis for any cognizable claim under Sarbanes-Oxley, Dodd-Frank, or the FCA, the Court finds that it is meritless and should be dismissed. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] the opportunity to amend [her] complaint would be futile." *Hall*, 935 F.2d at 1109-1110 (internal quotation marks omitted). Though a district court generally should allow leave to amend when a pro se plaintiff is close to stating a claim but is not quite there, *see id*. at 1110, here Plaintiff is not close. Moreover, Plaintiff is under filing restrictions due to her

litigation history and has been advised that, though she is "a pro se litigant and should not be expected to evaluate or plead potential claims with the accuracy or specificity of someone trained in the law[, her] history of meritless positions goes beyond what might be excused on that basis." *Jones v. Jones*, No. CIV-18-1193-HE (W.D. Okla. Dec. 17, 2018) (Order), at 6; *Jones v. Jones*, No. CIV-18-1193-HE (W.D. Okla. Jan. 7, 2019) (Order); *Jones v. Jones*, No. CIV-18-1171-HE (W.D. Okla. Jan. 7, 2019) (Order). The Court further finds that amendment by Plaintiff would be futile and hereby DISMISSES the Complaint with prejudice.

IT IS SO ORDERED this 15th day of January, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE